UNITED STATES of America,
Appellant,

v.

William J. AVILEZ, Defendant–Appellee.

No. 04–0327.

United States Court of Appeals,
Second Circuit.

Dec. 3, 2004.

Max Minzner, Assistant United States Attorney for the Eastern District of New York (David C. James, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), Brooklyn, NY, for Appellant, of counsel.

Peter W. Till, Law Offices of Peter W. Till, Springfield, NJ, for Defendant–Appellee.

PRESENT: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

The United States of America appeals from a judgment entered on December 9, 2003 in the United States District Court for the Eastern District of New York (Frederic Block, *Judge* ), convicting Defendant–Appellee William J. Avilez, after his plea of guilty, of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and sentencing

him to three years' probation and a $100 special assessment.

The parties agreed that Avilez's sentencing guideline range was 46 to 57 months' imprisonment based on an adjusted base offense level of 23 and Criminal History Category I. At the time of sentencing, Avilez sought a downward departure under U.S.S.G. § 5K2.13 based on diminished capacity and under U.S.S.G. § 5K2.20 for aberrant behavior. In support of a diminished capacity departure, Avilez presented a report and testimony from a psychiatrist, Dr. Stacy Tuchin. The government objected to a departure on either ground.

At sentencing, the District Court concluded based on the report and testimony of Dr. Tuchin that Avilez suffered from "a significantly reduced mental capacity." The court elicited from Dr. Tuchin that there was "a causal connection between [Avilez's] type of mental deficit … and the commission of this particular type of crime." The court found that the other requirements for the § 5K2.13 departure were met because Avilez's significantly reduced mental capacity was not caused by voluntary use of drugs or other intoxicants, the offense did not involve violence or a serious threat of violence, and Avilez's criminal history did not indicate a need for incarceration to protect the public. The court sentenced Avilez to three years' probation after explicitly stating that it was departing under § 5K2.13.

During the sentencing proceeding, the court appeared to depart solely on the basis of diminished capacity and indicated "I am not talking about the aberrant behavior." However, the written judgment stated that the departure was based on a "combination of aberrant behavior and diminished capacity." Because of the lack of clarity regarding the basis for the departure, we remand pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), for the District Court to clarify the basis for the departure. We note that the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub.L. No. 108–21, 117 Stat. 650 ("PROTECT Act"), imposes on district courts a requirement that they must, in granting departures of any kind, "state[ ] with specificity in the written order of judgment and commitment" the reason for the departure. 18 U.S.C. § 3553(c)(2). The District Court, on remand, should amend its judgment to include a written statement of the specific reasons for the departure. *See United States v. Santiago*, 384 F.3d 31, 37 (2d Cir.2004) (remanding for amendment of judgment to include a written statement of reasons for departure).

Accordingly, we REMAND the case to the District Court to amend the judgment to include a written statement of reasons for the departure. After the District Court has amended the judgment, either party may restore jurisdiction to this Court by filing with the Clerk of this Court a copy of the amended judgment and a letter advising the Clerk that jurisdiction should be restored. The returned appeal will be assigned to this panel and an additional notice of appeal will not be needed.

The mandate shall issue forthwith.