UNITED STATES of America,
Appellee,

v.

Ernesto VELASCO, Rolando Ramirez, Juan Perez, Luis Ramirez, Julio Morales, Roberto Montalvo, Angel Davila, Amaury Reyes, James Alvarado, Harold James, Jamie Ramirez, Frank Dejesus, Rafael Rodriguez, and Fernando Basby, Defendants,

Michael Morales, also known as "Mike," Defendant–Appellant.

No. 04–4936–CR.

United States Court of Appeals, Second Circuit.

June 24, 2005.

Edward S. Zas, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Seetha Ramachandran, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; Peter G. Neiman, Brian R. Michael, Assistant United States Attorneys,) New York, NY, for Appellee, of counsel.

Present: MINER, STRAUB, Circuit Judges, and EENAN, Judge.[1]

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is **REMANDED** to the District Court for amendment of the judgment.

Defendant–Appellant Michael Morales ("Morales") appeals from a September 8, 2004, judgment entered by the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*) revoking Morales's term of supervised release and sentencing him to a thirty-six-month term of imprisonment. On appeal, Morales argues that the sentence imposed by the District Court was "unreasonable" and that the District Court failed to give an adequate oral or written statement of reasons in imposing sentence.

As Morales did not challenge the oral statement of reasons below, we review for plain error. We have held that the statement of reasons requirement of 18 U.S.C. § 3553 requires a sentencing judge to "articulate a reason that demonstrates that he 'thoughtfully discharged his statutory obligation, with a degree of care appropriate to the severity of the punishment ultimately selected.'" *United States v. Reyes*, 116 F.3d 67, 70 (2d Cir.1997) (quoting *United States v. Chartier*, 933 F.2d 111, 117 (2d Cir.1991)), *abrogated on other grounds by United States v. Hargrett*, 156 F.3d 447, 449–51 (2d Cir.1998). "[A] sentencing court complies with [this requirement] only when it includes in its statement of reasons some particularized discussion of those factors distinctive to the defendant that influenced the court's decision. Such factors may include, for example, the defendant's criminal history, the nature and severity of the offense, or the likelihood of recidivism." *Reyes*, 116 F.3d at 70; *see also United States v. Rosa*, 11 F.3d 315, 344 (2d Cir.1993). In the supervised release violation context, we have held that a district court imposing a sentence higher than the

---

1. The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

Guidelines policy statements' suggested range is not required to make the kind of "explicit, detailed finding[s]" that are required for upward departures from binding guidelines. *United States v. Pelensky* 129 F.3d 63, 69, 70 (2d Cir.1997) (citing *United States v. Anderson,* 15 F.3d 278, 284 (2d Cir.1994)).

Here, the District Court stated that Morales "abuse[d]" his supervised release and used it to "work his way back into the drug culture" rather than "work[ing] his way back into society." The District Court also indicated its view that Morales would continue to use drugs if he was only sentenced to a term of sixteen months, the statutory mandatory minimum. The court also noted that Morales "had all kinds of help" and "every chance," but did not turn his life around. Accordingly, though the oral statement of reasons was brief, the court cited the nature of the supervised release violation, Morales's numerous failed attempts at rehabilitation since his incarceration, and the likelihood of recidivism. The court thus explicitly made reference to Morales's individual history and characteristics, 18 U.S.C. § 3553(a)(1), and implicitly linked Morales's conduct to several objectives of sentencing, 18 U.S.C. § 3553(a)(2) (identifying, *inter alia,* deterrence and needed correctional treatment as proper objectives of sentencing). Accordingly, the District Court's statement is satisfactory as to both the identification and discussion of the relevant factors and as to whether it shows a thoughtful exercise of the court's sentencing responsibility and a degree of care appropriate for the seriousness of the sentencing task. *See Rosa,* 11 F.3d at 344. We therefore find no plain error.

The District Court did not provide a statement of its reasons in the *written* judgment for imposing a sentence higher than the suggested Guidelines range. 18 U.S.C. § 3553(c)(2) (providing that if the court departs from the applicable Guideline range, it must state "the specific reason for the imposition of a sentence different from [a sentence within the Guideline range], which reasons must also be stated with specificity in the written order of judgment and commitment"). At least one circuit, in a published opinion, has held that the "written statement of reasons" requirement in § 3553(c)(2) does not apply to sentences imposed after a revocation of supervised release. *See United States v. Cotton,* 399 F.3d 913, 915–16 (8th Cir. 2005); *United States v. White Face,* 383 F.3d 733, 738–39 (8th Cir.2004). In the instant appeal, the government appears to concede that § 3553(c)(2) applies to such sentences. We assume, without deciding, that § 3553(c)(2) applies to supervised release violation sentences. We also decline to reach the issue of whether we have the authority to affirm the District Court in the absence of a written statement of reasons. *See United States v. Santiago,* 384 F.3d 31, 35–37 (2d Cir.2004). Rather, in keeping with *Santiago,* we remand pursuant to the procedure outlined in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), for the District Court to amend its judgment to include a written statement of reasons.

This panel retains jurisdiction to hear Morales's challenge to the reasonableness of his sentence once the record has been supplemented.

Accordingly, we **REMAND** the case to the District Court to amend the judgment to include a written statement of reasons. After the District Court has amended the judgment, either party may restore jurisdiction to this Court by filing with the Clerk of this Court a copy of the amended judgment and a letter advising the Clerk that jurisdiction should be restored. The returned appeal will be assigned to this

panel and an additional notice of appeal will not be needed.

The mandate shall issue forthwith.