**UNITED STATES of America,**
**Appellee,**

v.

**Ramona MEDINA, Defendant–**
**Appellant.**

**Docket No. 04–6279.**

United States Court of Appeals,
Second Circuit.

Sept. 23, 2005.

Edward S. Zas, Legal Aid Society Federal Defender Division, New York, NY, for Appellant.

Sarah Y. Lai, Assistant United States Attorney (Christopher J. Clark, Assistant United States Attorney, David N. Kelley, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: CARDAMONE,
CABRANES and POOLER, Circuit
Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is hereby VACATED and the action is REMANDED to the District Court for resentencing.

Defendant appeals from an amended judgement revoking her term of probation and sentencing her principally to 48 months of incarceration, a term considerably longer than the four to ten month range recommended in the applicable policy statement of the U.S. Sentencing Guidelines. *See* U.S.S.G. § 7B1.4(a).[1]

On appeal, defendant maintains that the term of incarceration imposed was unreasonably lengthy and that the District Court failed to provide an adequate oral or written statement of reasons for the sentence as required by 18 U.S.C. § 3553(c).

Upon review of the record, we conclude that in its remarks at sentencing, the District Court failed to "articulate a reason that demonstrates that [it] thoughtfully discharged [its] statutory obligation, with a degree of care appropriate to the severity of the punishment ultimately selected." *United States v. Reyes,* 116 F.3d 67, 70 (2d Cir.1997) (internal quotation marks and citation omitted), *abrogated on other grounds by United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.1998). The District Court also failed to state the "specific reason" for deviating from the applicable Guidelines policy statement range. 18 U.S.C. § 3553(c)(2). Accordingly, we vacate the sentence and remand the cause for resentencing in compliance with 18 U.S.C. § 3553(c). *See United States v. Lewis,* —— F.3d —— (2d Cir.2005).

---

1. The parties agree that the applicable range pursuant to the Guidelines policy statement was four to ten months.

Defendant also challenges the District Court's failure to record reasons for the sentence in its written judgment. Ordinarily, pursuant to 18 U.S.C. § 3553(c)(2), a sentencing court departing from the applicable Guidelines range must not only "state in open court the reasons for its imposition of the particular sentence," but must also state "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment."

We need not address here whether the written statement of reasons requirement of § 3553(c)(2) applies to revocations of probation, cf. *United States v. Cotton,* 399 F.3d 913, 915–16 (8th Cir.2005) (not applying § 3553(c)(2) to a sentence imposed in connection with a revocation of supervised release), as the government implicitly concedes that it does. We also need not opine on whether we have the authority to—or indeed whether we would in the instant appeal—affirm the District Court's sentence absent a written statement of reasons pursuant to 18 U.S.C. § 3742(f)(3). *See United States v. Santiago,* 384 F.3d 31, 36–37 (2d Cir.2004). Instead, we note that on remand, the District Court shall include a written statement of reasons in its judgment for the sentence it imposes.

In light of our conclusion regarding the District Court's failure to provide an adequate statement of reasons for its sentence, we do not reach defendant's alternative contention that the sentence imposed was unreasonably lengthy.

We VACATE the sentence and REMAND for resentencing.