**UNITED STATES of America,**
**Appellee,**

v.

**Luis SANTIAGO, Defendant–Appellant.**

**No. 03–1335–cr.**

United States Court of Appeals,
Second Circuit.

---

March 8, 2007.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT (Thomas G. Dennis, Federal Defender, District of Connecticut, Hartford, CT, on the brief), for Appellant.

Raymond F. Miller, Assistant United States Attorney (Jeffrey A. Meyer, on the brief), for Kevin J. O'Connor, United States Attorney, District of Connecticut, New Haven, CT, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant Luis Santiago appeals the sentence imposed following his plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Santiago's initial appeal argued [i] that the district court improperly applied a two-level enhancement for possession of a firearm in connection with a drug conspiracy pursuant to U.S.S.G. § 2D1.1(b)(1), and [ii] that the district court's three-level upward departure pursuant to U.S.S.G. § 5K2.6 was unwarranted. In *United States v. Santiago* (*Santiago I*), 384 F.3d 31 (2d Cir.2004), we rejected Santiago's first argument, and affirmed the district court's application of the two-level enhancement; but we did not reach Santiago's challenge to the upward departure. On the parties' consent, we remanded to the district court "for the very limited purpose of amending the written judgment and conviction order to set forth in writing its reasons for granting the section 5K2.6 upward departure." 384 F.3d at 37. We retained jurisdiction pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir.1994).

The district court issued its amended judgment on December 13, 2004, and subsequently reconsidered and affirmed Santiago's sentence (on June 8, 2006) under the procedures set forth in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). We reinstated jurisdiction over the appeal on October 5, 2006. Santiago raises three challenges to the district court's § 5K2.6 upward departure.

■ First, Santiago argues that there was an insufficient relationship between his use of the firearm and his drug conviction. This argument is foreclosed by our determination in *Santiago I* (in connection with the § 2D1.1(b)(1) enhancement) that Santiago's use of a firearm was "in the course of and in connection with his participation in the narcotics conspiracy." 384 F.3d at 34.

■ Second, Santiago argues that the § 5K2.6 "use" departure double-counts the use of a firearm when imposed in addition to the § 2D1.1(b)(1) "possession" enhancement. But the application of separate "use" and "possession" guidelines is appropriate where, as here, the defendant both possessed *and* fired a gun; each guideline targets a separate aspect of Santiago's conduct. *See United States v. Franklyn*, 157 F.3d 90, 98–99 (2d Cir.1998) (approving of both [i] enhancement for *possession* of a firearm under § 2K2.1(a)(6) and [ii] departure for *firing* the firearm under § 5K2.6); *see also id.* at 99 n. 7 (rejecting "double-counting" argument by noting that possession is distinct from firing and observing that "[a]ny person hit by a bullet would immediately appreciate the distinction").

■ Third, relying on *United States v. Kim*, 896 F.2d 678 (2d Cir.1990), Santiago argues that the three-level extent of the departure was excessive. We review the extent of a departure for abuse of discretion. *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005). *Kim* stated that prior to imposing an upward departure, a district court should "consider the next higher levels in sequence to determine if they adequately reflect the seriousness of the defendant's conduct." 896 F.2d at 685. But "to the extent *Kim* ... can be interpreted to require such explicit consideration, this Court has retreated from such a

mechanistic view. Instead, we have indicated that District Courts must only 'make clear on the record how the court determined the magnitude of the departure' " *United States v. Mora,* 22 F.3d 409, 413 (2d Cir.1994) (quoting *United States v. Campbell,* 967 F.2d 20, 27 (2d Cir.1992)). Here, the district court imposed a three-level departure based on the following factors: [a] "the firearm was discharged twice," [b] "there was injury and there was potential for even more serious injury because ... the gun was held at Mr. Arroyo's head," and [c] Santiago was "willing to consider killing Mr. Arroyo." The district court also considered certain mitigating factors—Santiago's desire to protect his family and other evidence that "sp[oke] in a positive way about his character." The district court elucidated these appropriate bases for the three-level departure; the extent of the departure was therefore not an abuse of discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**