SUMMARY ORDER
Defendant Sadrach Santiago pleaded guilty to a conspiracy to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841(b)(1)(A), 846, and was sentenced principally to a below-Guidelines term of 144 months’ imprisonment. He appeals that sentence, arguing procedural error by the district court in the calculation of his Guidelines range and ineffective assistance of counsel at sentencing. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Procedural Error
a. U.S.S.G. § 2D 1.1 (b)(1)
Santiago challenges the district court’s application of a two-level increase in his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the charged conspiracy. He argues that (1) the district court did not specify the factual basis for the enhancement, and (2) the facts proffered by the government were insufficient to establish a nexus between Santiago’s gun possession and the charged conspiracy, see United States v. Santiago, 384 F.3d 31, 33 (2d Cir.2004) (holding that § 2D1.1 enhancement requires government to prove possession of gun was “relevant” to conspiracy). We review a district court’s in *237 terpretation of the Guidelines de novo and its findings of fact for clear error. See United States v. Reyes, 557 F.3d 84, 87 (2d Cir.2009); United States v. Santiago, 384 F.3d at 33 (“The sentencing court’s finding that a firearm was possessed in connection with a drug offense for purposes of § 2D1.1 will not be overturned unless it is clearly erroneous.” (internal quotation marks omitted)).
We identify no error in the application of the § 2Dl.l(b)(l) enhancement here. Preliminarily, we observe that although Santiago initially sought a hearing on this issue pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir.1978), he withdrew that request and did not contest the factual assertions contained in either the Presentence Report (“PSR”) or in the government’s letter of January 18, 2008. See Sentencing Tr. at 7, 12. Thus, the district court expressly stated that it was relying on these “undisputed facts” in applying the § 2D1.1 enhancement. Id. at 12. This is sufficient to satisfy the requirements of 18 U.S.C. § 3553(e) and our case law. See United States v. Molina, 356 F.3d 269, 275 (2d Cir.2004) (“A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report.”); see also Fed.R.Crim.P. 32(i)(3)(A) (providing that the sentencing court “may accept any undisputed portion of the presentence report as a finding of fact”). Moreover, these undisputed facts were more than “adequate to support the sentence,” United States v. Espinoza, 514 F.3d 209, 212 (2d Cir.2008), as they amply demonstrated that Santiago — -whose street name is “Gat” — regularly possessed and used firearms in connection with the charged conspiracy and on behalf of its members, and that Santiago and his coconspirators “[o]n occasion ... possessed firearms while they packaged cocaine for distribution,” PSR ¶ 6 (emphasis added). See U.S.S.G. 2D1.1, app. n. 3 (“The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.”); United States v. Santiago, 384 F.3d at 34 (“[T]his Court has upheld the two-level increase levied by § 2Dl.l(b)(l) where a weapon was kept in the same place as the drugs, even if the weapon was not necessarily possessed during commission of the offense.” (internal quotation marks omitted)).
b. U.S.S.G. § SB 1.1(b)
Santiago next challenges the district court’s application of a three-level increase pursuant to U.S.S.G. § 3Bl.l(b) for acting as a manager or supervisor of the charged conspiracy. “[W]e review a district court’s determination that a defendant deserves a leadership enhancement under § 3B1.1 de novo, but we review the court’s findings of fact supporting its conclusion only for clear error.” United States v. Hertular, 562 F.3d 433, 449 (2d Cir.2009). “A defendant is properly considered as a manager or supervisor under § 3Bl.l(b) if he exercised some degree of control over others involved in the commission of the offense or played a significant role in the decision to recruit or to supervise lower-level participants.” Id. at 448 (internal quotation marks omitted).
We identify no error in application of the § 3Bl.l(b) enhancement. Again, the district court explicitly adopted the PSR’s factual recitations and analysis, see Sentencing Tr. at 14,16, thereby satisfying the requirements of § 3553(c). Santiago does not contend that there was insufficient evidence to support the enhance *238 ment. Rather, he points to one paragraph in the PSR of another defendant in which Santiago was described as an “errand person” for the conspiracy’s leader, Jimmy Aponte. Santiago argues that this should have estopped the government from contending that he was a manager or supervisor. See Appellant’s Br. at 20, 24.
We are not persuaded. Without here deciding whether estoppel principles might ever be applied in such circumstances, we see no inconsistency between the description offered in the earlier PSR and the position taken by the government at Santiago’s sentencing. It is not disputed that Santiago was subordinate to Aponte. Santiago’s managerial enhancement was premised on evidence that he ran the organization when Aponte was not available and that, when acting in that 'capacity, Santiago supervised other members of the conspiracy. That is sufficient for the application of the enhancement. See U.S.S.G. § 3B1.1 app. n. 2 (“To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.”).[1]
2. Ineffective Assistance
Santiago contends that his counsel was constitutionally ineffective because he (1) withdrew his earlier request for a Fati-co hearing, and (2) sent a letter to the district court regarding the U.S.S.G. § 2D1.1 enhancement that discussed only the law governing convictions pursuant to 18 U.S.C. § 924(c). “Despite a baseline aversion to resolving ineffectiveness claims on direct review,” we may “entertain an ineffective assistance of trial counsel claim on direct appeal in a narrow category of cases where: (1) as here, the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record.” United States v. Yauri, 559 F.3d 130, 132-33 (2d Cir.2009) (internal quotation marks and citations omitted). We have also indicated a willingness to do so when the resolution of such claims is “beyond any doubt.” United States v. Khedr, 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks omitted). Because Santiago’s ineffective assistance claim is clearly without merit and calls for no additional factual findings, we address it here.
To demonstrate ineffective assistance of counsel, a defendant must show both (1) that counsel’s performance was objectively unreasonable and (2) that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Neither of the purported deficiencies identified by Santiago satisfies this standard.
First, a defendant’s counsel may properly decide to forego a Fatico hearing as a “matter of strategy,” United States v. Lee, *239 818 F.2d 1052, 1056 (2d Cir.1987), and we presume that such a strategy is sound absent a strong showing to the contrary, see Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052. Here, as the district court noted at sentencing, it was indeed “wise[]” for Santiago to avoid a Fatico hearing at which his prior violent conduct would have been reviewed in detail for the benefit of the district court. Sentencing Tr. at 12. See generally Greiner v. Wells, 417 F.3d 305, 319 (2d Cir.2005) (“We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside.” (internal quotation marks omitted)). Moreover, Santiago gives no indication that a Fatico hearing would have resulted in favorable factual findings. He asserts only that his counsel had “nothing to lose by holding the government to its burden of proof.” Appellant’s Br. at 32. The Supreme Court, however, has recently rejected the application of a “nothing to lose” standard in this context. Knowles v. Mirzayance, — U.S. -, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).
Second, assuming arguendo that defense counsel’s letter brief regarding the § 2D1.1 enhancement was somehow deficient, Santiago cannot demonstrate ensuing prejudice because he identifies no additional argument regarding the interpretation of § 2D1.1 that should have been raised. We further note that, at the sentencing proceeding, his counsel addressed each of the alleged gun-related incidents described in the government’s proffer and argued that none of the incidents in question bore the necessarily relationship to the charged conspiracy. See Sentencing Tr. at 9-11. On this record, we reject Santiago’s ineffectiveness claim as without merit.
3. Conclusion
We have considered Santiago’s other arguments and consider them also to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

. In his reply brief, Santiago argues that the disparity between his sentence and those of his co-defendants renders his sentence unreasonable and reflects the district court's failure to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). However, "section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants.” United States v. Frias, 521 F.3d 229, 236 (2d Cir.2008). Moreover, this is not an "exceptional case[ ] where the trial court’s decision cannot be located within the range of permissible decisions,” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (enbanc) (internal quotation marks omitted), nor has Santiago "credibly argue[d] that the disparity in sentences [between co-defendants] has no stated or apparent explanation,” United Stales v. Ebbers, 458 F.3d 110, 129 (2d Cir.2006). We therefore reject this challenge.