13-2391-cr
*United States v. Wells*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            CHESTER J. STRAUB,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

UNITED STATES OF AMERICA,

       *Appellee,*

        v.    No. 13-2391-cr

THEODORE W. WELLS, JR.,

       *Defendant-Appellant.*

| | |
|---|---|
| **FOR THEODORE W. WELLS, JR.:** | Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY. |
| **FOR UNITED STATES OF AMERICA:** | Alina P. Reynolds, Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, Bridgeport, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**, and the cause is **REMANDED** for the limited purpose of amending the written judgment and conviction order to set forth in writing the District Court's reasons for imposing a non-guidelines sentence.

Defendant Theodore W. Wells, Jr. appeals from the District Court's June 6, 2013 judgment convicting him, after a plea of guilty, of two violations of the conditions of his supervised release, in violation of 18 U.S.C. § 3583(e), and sentencing him principally to 30 months' imprisonment and 30 months' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). *See generally United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014).

Upon review of the record and relevant law, we conclude that the District Court properly considered the factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e) in imposing an above-guidelines sentence of 30 months' imprisonment and 30 months' supervised release. Consistent with Application Note 3 to U.S.S.G. § 7B1.4, the District Court carefully explained at the revocation hearing its upward departure, noting Wells's "complete[] failure to submit to the supervised release" and his "higher risk of new felonious conduct" because he had previously committed a sex-related offense while on supervised release for a prior sex-related offense. The District Court thoroughly considered the need to avoid unwarranted sentence disparities and did not improperly consider "retribution" or any other impermissible factor in sentencing. Nevertheless, the parties agree that the District Court failed to specify *in writing* its reasons for imposing a non-guidelines sentence as required by 18 U.S.C. § 3553(c)(2). *See* Appellant's Br. 47; Appellee's Br. 24 n.3. We therefore remand to the District Court for the limited purpose of fulfilling this requirement. *See United States v. Santiago*, 384 F.3d 31, 37 (2d Cir. 2004).

We also conclude that the District Court's sentence was substantively reasonable. Considering the totality of the circumstances, including the District Court's emphasis on Wells's history as a repeat sex offender and flagrant unwillingness to submit to supervised release, we cannot conclude that the District Court's sentence was outside "the range of permissible decisions" or otherwise an abuse of discretion. *Park*, 758 F.3d at 200; *Cavera*, 550 F.3d at 189.

## CONCLUSION

We have considered all of the arguments raised by defendant on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's June 6, 2013 judgment and **REMAND** for the limited purpose of amending the written judgment and conviction order to set forth in writing the District Court's reasons for imposing a non-guidelines sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk