14-3147-cr
United States v. Sam

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of August, two thousand fifteen.

Present:     GUIDO CALABRESI,
            CHESTER J. STRAUB,
            ROSEMARY S. POOLER,
                 *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                 *Appellee*,

            v.                                          14-3147-cr

EDWARD CHAVIN, AKA Tommy, CHRISTOPHER
NASON, JAMES NASTRI, NICOLE RIVERS, LAURA
URBAN, AKA Laura Zakhar, BRYAN RICHARDS,
AKA Chico, CHRISTIAN C STILLER, CHANDRA SAM,
AKA Po,

                 *Defendants*,

BUNTHAN SAM, AKA Adam, AKA Taun,

                 *Defendant-Appellant*.
_____

Appearing for Appellant:     Richard R. Goldsborough, Kirkpatrick & Goldsborough, PLLC,
                             South Burlington, VT.

Appearing for Appellee:       Christina E. Nolan, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Eugenia A.P. Cowles, Acting United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Bunthan Sam appeals from the August 18, 2014 judgment of the United States District Court for the District of Vermont (Sessions, *J.*), sentencing him principally to 120 months' imprisonment, following his guilty plea to one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B).We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Sam challenges the district court's application of a two-level sentencing enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines for possession of a dangerous weapon during the drug trafficking conspiracy. Under our "reasonableness" standard of review for sentencing challenges, the district court's application of the Guidelines is subject to de novo review. *United States v. Cramer*, 777 F.3d 597, 600–01 (2d Cir. 2015). A "sentencing court's finding that a firearm was possessed in connection with a drug offense for purposes of § 2D1.1 will not be overturned unless it is clearly erroneous." *United States v. Santiago*, 384 F.3d 31, 33 (2d Cir. 2004) (internal quotation marks omitted).

Here, the district court rested its application of the enhancement on, among other factual findings, the discovery of an unloaded pistol in the engine compartment of a vehicle Sam drove during the course of the conspiracy. Sam argues that in making this finding the district court failed to determine explicitly who possessed the firearm and further lacked sufficient evidence to conclude that Sam constructively possessed the weapon and that such possession occurred during conduct relevant to the instant offense. We disagree.

"[A] defendant is subject to a two-level enhancement under § 2D1.1(b)(1) for possession of a dangerous weapon if he constructively possessed the weapon by having dominion or control over the item itself, or dominion over the premises where the item was located." *United States v. Herrera*, 446 F.3d 283, 287 (2d Cir. 2006) (internal quotation marks and alterations omitted). We have little difficulty discerning from the court's remarks at sentencing that it found Sam constructively possessed the weapon. Further, as the driver of the vehicle, Sam exercised control over the location where the weapon was found. That Sam's brother was a passenger "is of no moment" in determining whether Sam exercised constructive possession as "other individuals also may have exercised control over the weapon[]." *United States v. Dhinsa*, 243 F.3d 635, 677 (2d Cir. 2001). And this is only one of several facts tying Sam to, and supporting his possession of, the weapon found in the vehicle.

The Section 2D1.1(b)(1) enhancement applies only if the defendant possessed the firearm during conduct relevant to the offense. *See United States v. Smith*, 215 F.3d 237, 241 (2d Cir. 2000). "With respect to offenses involving aggregate harms, such as drug offenses, relevant conduct consists of all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Pellegrini*, 929 F.2d 55, 56 (2d Cir. 1991) (internal citation and quotation marks omitted); *see* U.S.S.G. § 1B1.3(a)(2). Sufficient evidence in the record supports the conclusion that the weapon was present during conduct relevant to the drug distribution conspiracy. Less than a week prior to the seizure of the gun, officers observed Sam drive the same vehicle to a controlled narcotics purchase. That vehicle was also used by other members of the conspiracy for the interstate transport of drugs. Sam argues that because no drugs were found in the car at the time the weapon was seized, the gun was not possessed during the commission of the offense. However, transporting members of a drug conspiracy for the purpose of carrying out a drug transaction is certainly conduct relevant to a drug distribution conspiracy. *See United States v. Sweet*, 25 F.3d 160, 162–63 (2d Cir. 1994) (holding enhancement applicable where drugs had been stored and altered in same trailer as guns, even though no drugs were located during search).

As Sam offered no evidence to "demonstrate[] that it [wa]s clearly improbable that the weapon was connected with the drug offense," *Smith*, 215 F.3d at 241, we conclude that the district court did not err in finding that Sam possessed the firearm during conduct relevant to the conspiracy nor in applying the two-level enhancement provided by Section 2D1.1(b)(1).[1]

We have considered the remainder of Sam's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Given this conclusion, we need not address whether the district court's additional factual findings as alternative bases for applying the enhancement were clearly erroneous.