# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2004

(Argued: May 19, 2005                                    Decided: October 17, 2005

Errata Filed: November 3, 2005)

Docket No. 04-4595-cr

UNITED STATES OF AMERICA,

>                    *Appellee*,

>          v.

JOHN FULLER, also known as King John,

>                    *Defendant-Appellant.*

Before: OAKES and CABRANES, *Circuit Judges*, and GOLDBERG, *Judge.**

We consider here whether a sentence imposed by the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) that was styled "in the alternative"—*i.e.*, as the sentence of the Court regardless of whether or not the U.S. Sentencing Guidelines were binding—during the period after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), but before its decision in *United States v. Booker*, 125 S. Ct. 738 (2005), was error in light of the subsequent teachings of the Supreme Court and our related jurisprudence, and if so whether such error is harmless. Because, with the benefit of hindsight, we conclude that the sentence amounted to error that we cannot deem harmless, we remand the cause to the District Court with instructions to vacate defendant's sentence and resentence him in conformity with our opinion in *United States v.*

---

* The Honorable Richard W. Goldberg, Senior Judge of the United States Court of International Trade, sitting by designation.

1

*Fagans*, 406 F.3d 138 (2d Cir. 2005).

Inasmuch as the District Court's four-level upward departure calculation was based upon the Court's analogy between defendant's bartering of drugs in exchange for firearms and the sentencing enhancement prescribed by Section 2K2.1(b)(5) of the U.S. Sentencing Guidelines, we conclude that the District Court's departure was not an abuse of discretion. We also hold that the District Court provided an adequate, on-the-record statement explaining its upward departure, as required by 18 U.S.C. § 3553(c)(2). Finally, we hold that, in light of 18 U.S.C. §§ 3742(f)(2) and (f)(3), the District Court's failure to explain the basis for its departure in the written judgment does not provide a separate basis for remand in the circumstances presented.

Vacated and remanded.

> COLLEEN P. CASSIDY, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, *for Defendant-Appellant.*
>
> JUSTIN S. WEDDLE, Assistant United States Attorney (Peter G. Neiman, Assistant United States Attorney, *of counsel*; David N. Kelley, United States Attorney for the Southern District of New York, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, *for Appellee.*

JOSÉ A. CABRANES, *Circuit Judge*:

This appeal arises from a sentence imposed by the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) after the Supreme Court's June 24, 2004 decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which raised doubt as to the constitutionality of the then-binding U.S. Sentencing Guidelines, but prior to our August 12, 2004 decision in *United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004), *vacated sub nom. Ferrell v. United States*, 125 S. Ct. 1071 (2005), which directed district courts within the Circuit to continue applying the Sentencing Guidelines in a mandatory fashion pending the Supreme Court's resolution of *United States v. Booker*,

2

125 S. Ct. 738 (2005). We consider here whether the District Court's practice of sentencing defendant John Fuller "in the alternative"—that is, stating that the District Court would impose the same sentence regardless of whether the U.S. Sentencing Guidelines were binding or not—during the period after *Blakely* but before *Booker* was error in light of the subsequent teachings of the Supreme Court and our related jurisprudence, and if so, whether such error is harmless.

With the benefit of hindsight, we hold that: (1) the District Court erred when sentencing Fuller; (2) Fuller preserved the error by raising a Sixth Amendment objection prior to his sentencing; and (3) the District Court's error was not harmless. Accordingly, we remand the cause to the District Court with instructions to vacate Fuller's sentence and resentence him in conformity with our opinion in *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005).

Furthermore, inasmuch as the District Court's four-level upward departure calculation was based upon the Court's analogy between defendant's bartering of drugs in exchange for firearms and the sentencing enhancement prescribed by Section 2K2.1(b)(5) of the U.S. Sentencing Guidelines, we conclude that the extent of the District Court's departure was not an abuse of discretion. We also hold that the District Court provided an adequate, on-the-record statement explaining its upward departure, as required by 18 U.S.C. § 3553(c)(2). Finally, we hold that, in light of 18 U.S.C. §§ 3742(f)(2) and (f)(3), the District Court's failure to explain the basis for its departure in the written judgment does not provide a separate basis for remand in the circumstances presented.

## BACKGROUND

Defendant-appellant John Fuller pleaded guilty on May 10, 2001 to bail jumping, in violation

of 18 U.S.C. § 3146(a).[1] On May 25, 2001, following a jury trial, Fuller was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[2] On December 6, 2001, in satisfaction of both convictions, the District Court sentenced Fuller principally to 151 months' imprisonment in part based on multiple upward departures pursuant to the U.S. Sentencing Guidelines ("Sentencing Guidelines" or "Guidelines"), which the District Court then reasonably understood to be binding.

Fuller appealed his judgment of conviction, arguing, *inter alia*, that the District Court erred in its application of the Sentencing Guidelines. After affirming Fuller's conviction, we vacated his sentence on grounds not pertinent to the instant appeal and remanded the cause to the District Court for resentencing. *United States v. Fuller*, 332 F.3d 60, 68 (2d Cir. 2003).

On July 14, 2004, in the immediate aftermath of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004)—which held unconstitutional the State of Washington's sentencing

---

[1] 18 U.S.C. § 3146(a) provides, in pertinent part, that

> [w]hoever, having been released under this chapter knowingly . . . fails to appear before a court as required by the conditions of release[ ] or . . . fails to surrender for service of sentence pursuant to a court order[ ] shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 3146(b) provides, in pertinent part, that

> [t]he punishment for an offense under this section is . . . if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for . . . an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both[.]

[2] 18 U.S.C. § 922(g) provides, in pertinent part, that

> [i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year [ ] . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4

scheme—but before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005),

Judge McMahon filed an opinion in *United States v. Einstman*, 325 F. Supp. 2d 373 (S.D.N.Y. 2004),

in which she concluded that the Sentencing Guidelines were unconstitutional and that judges must

"return to indeterminate sentencing, in which [they] . . . consider all relevant factors and . . .

sentence the defendant anywhere between the statutory minimum (if there be one) and the statutory

maximum. . . ." *Id.* at 380-81. Accordingly, at Fuller's resentencing hearing on August 5, 2004, the

District Court announced two sentences in the alternative: the first sentence assumed that the

Sentencing Guidelines were unconstitutional and therefore non-binding, and the second sentence

adhered to the Sentencing Guidelines as if they were constitutional and, hence, binding. Judge

McMahon stated on the record: "I am going to violate my usual rule and I am going to impose both

types of sentences. So that the Circuit is aware, that is what I decided to do." Tr. of Sentencing

Hr'g, Aug. 5, 2004, at 18.

Assuming first that the Sentencing Guidelines were non-binding, the District Court

sentenced Fuller principally to 151 months' imprisonment, which consisted of a ten-year term for

the firearm offense and a five-year term for the bail-jumping offense.[3] Assuming alternatively that

the Guidelines were mandatory, the District Court imposed an identical sentence, arriving at 151

months of imprisonment after applying several enhancements and upward departures, including a

four-level upward departure pursuant to U.S.S.G. § 5K2.0 on the ground that Fuller had bartered

drugs in exchange for firearms. *Id.* at 21.

At his sentencing hearing, Fuller's counsel raised an objection pursuant to *Apprendi v. New*

---

[3] Following the method of sentencing we recommended in *United States v. Fuller*, 332 F.3d 60, 68 (2003), the District Court specified that of the five-year term, twenty-nine months would run concurrently and thirty-one months would run consecutively to the ten-year term, yielding a total of 151 months.

*Jersey*, 530 U.S. 466 (2000), referring to the Supreme Court's statement that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Fuller's counsel also objected on the ground that "sentencing in the alternative is illegal in and of itself." Tr. of Sentencing Hr'g, Aug. 5, 2004, at 25.

## DISCUSSION

Fuller raises three interrelated claims on appeal. First, he asserts that notwithstanding the District Court's issuance of an "alternative" non-Guidelines sentence, the District Court's sentence did not conform to the requirements of *United States v. Booker*, 125 S. Ct. 738 (2005). Def.-Appellant's Supplemental Letter Br. of May 31, 2005, at 3. Fuller further argues that because he properly preserved an objection to this error and because this error was not harmless, we should vacate the District Court's sentence and remand for resentencing in accordance with our opinion in *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005). *See* Def.-Appellant's Supplemental Letter Br. of May 24, 2005, at 1-8.

Second, Fuller requests, for the purpose of guiding such a remand, that we reject as "unreasonable" the four-level upward departure that the District Court applied on the basis of what it found to be clear and convincing evidence that Fuller had bartered drugs in exchange for firearms. *Id.* at 6-7.

Third and finally, Fuller asserts that the District Court erred in failing to provide an adequate statement—both on the record at sentencing and in its written order of judgment—explaining the upward departures that it applied in arriving at Fuller's sentence. *See* Appellant's Br. at 12, 14.

6

## I.     *Booker* **Error**

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory nature of the U.S. Sentencing Guidelines violated the Sixth Amendment. *Id.* at 749-50. In its remedy opinion in *Booker*, the Court concluded that the Guidelines are now advisory, *id.* at 757, and that the proper standard of review for sentences is "reasonableness," *see id.* at 765-66. In *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), we explained that pre-*Booker* sentences, regardless of their length, would "not be found reasonable" if (1) "a sentencing judge committed a procedural error by selecting a sentence in violation of applicable [post-*Booker*] law" and (2) "that error is not harmless and is properly preserved." *Id.* at 114. Regarding the first prong of our post-*Booker* inquiry—whether a district court committed procedural error—we held that "a sentencing judge would commit a statutory error in violation of [18 U.S.C.] section 3553(a) if the judge failed to 'consider' the applicable Guidelines range . . . as well as other factors listed in section 3553(a), *and instead simply selected what the judge deemed an appropriate sentence without such required consideration*." *Crosby*, 397 F.3d at 115 (emphasis added).

The Government asserts that because the District Court "correctly anticipated *Booker*'s holding that the Guidelines were advisory, and imposed a discretionary, non-Guidelines sentence," the District Court "committed no error at sentencing." Appellee's Supplemental Letter Br. of May 27, 2005, at 1. We disagree. When considering the possibility of non-binding Guidelines, the District Court stated:

> [M]y position on the Guidelines is that . . . either they exist in their entirety . . . or they don't exist at all; in which case, we revert to a pre-1986 sentencing scheme under which a judge, in her discretion, can sentence the defendant anywhere between the statutory minimum, if there be one, for the crime and the statutory maximum defined in the traditional non-*Blakely* way.

7

Tr. of Sentencing Hr'g, Aug. 5, 2004, at 16. This prediction of the post-*Booker* sentencing landscape turned out to be incorrect and inconsistent with our later conclusion in *Crosby* that "it would be a mistake to think that, after *Booker/Fanfan*, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum." *Crosby*, 397 F.3d at 113-14. Because the District Court imposed its alternative non-Guidelines sentence on the assumption that the Guidelines "don't exist at all"—and thereby acted on a proverbial blank slate without explicitly considering all the factors listed in 18 U.S.C. § 3553(a), including the Guidelines, *see* 18 U.S.C. § 3553(a)(4)(A), as required by *Crosby*, *see* 397 F.3d at 111—we hold, once again with the benefit of hindsight, that the District Court erred in formulating Fuller's sentence.

By raising a *Blakely* objection to the compulsory application of the Sentencing Guidelines prior to sentencing, Fuller preserved the error; accordingly, "the procedure for applying plain-error analysis that we set forth in *Crosby* is inapplicable." *Fagans*, 406 F. 3d at 140-41. Instead, the "issue upon review of the preserved error is whether we should affirm, if the Government has shown the error to be harmless, or remand for resentencing, if such a showing has not been made." *United States v. Lake*, 419 F.3d 111, 113 n.2 (2d Cir. 2005).

In *Crosby*, we specifically considered and rejected the possibility, albeit in considered dicta, that sentencing in the alternative prior to *Booker* would be harmless error, concluding that "even if a judge, prior to *Booker*[ ], indicated an alternative sentence that would have been imposed if compliance with the Guidelines were not required, that alternative sentence is not necessarily the same one that the judge would have imposed in compliance with the duty to consider all of the factors listed in section 3553(a)." *Crosby*, 397 F.3d at 118. We added that "such an alternative

8

sentence is not necessarily the same one that the judge would have imposed after presentation by the Government of aggravating circumstances or by the defendant of mitigating circumstances that existed at the time but were not available for consideration under the mandatory Guidelines regime." *Id.* We now adopt these conclusions and hold that the District Court's method of sentencing in the alternative—between the time of the Supreme Court's landmark decisions in *Blakely* and *Booker*, and before our August 12, 2004 decision in *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir. 2004) (directing district courts to continue applying, in mandatory fashion, the Sentencing Guidelines pending resolution of *Booker*)—was not harmless error.[4]

The Government contends that, in light of Judge McMahon's opinion in *United States v. Einstman*, 325 F. Supp. 2d 373 (S.D.N.Y. 2004), any error was harmless because "[t]he parties knew [or should have known] in advance of sentencing that the District Court believed the Guidelines were no longer mandatory, and thus that there were no 'aggravating' or 'mitigating' circumstances that 'were not available for consideration.'" Appellee's Supplemental Letter Br. of May 27, 2005, at 8. The mere publication of a district judge's pre-*Booker* views in connection with another case did not, however, provide Fuller with sufficient opportunity to present arguments tailored specifically to the post-*Booker* sentencing landscape. Nor can we say with any confidence "what considerations counsel for both sides might have brought to the sentencing judge's attention had they known that they could," as a matter of law, "urge the judge to impose a non-Guidelines sentence." *Crosby*, 397 F.3d at 115.

Although we commend the care with which the District Court resentenced Fuller in August

---

[4] While "we cannot say that it is likely that [the District Court] would have imposed a different sentence under the post-*Booker* regime," we nevertheless conclude that the Government "has not shown that the possibility is so remote as to render the sentencing error harmless." *Lake*, 419 F.3d at 114.

2004 amidst uncertainty concerning the status of the Sentencing Guidelines, for the reasons stated above, we remand to the District Court for resentencing in accordance with *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005).

## II.     Reasonableness of the District Court's Upward Departure

Because 18 U.S.C. § 3553(a) requires a district court to consider, *inter alia*, the applicable Guidelines range when formulating a sentence, we have noted that when we remand for resentencing, it will often "be preferable to adjudicate [an outstanding] calculation issue promptly so that subsequent sentencing proceedings will occur in light of a correct calculation." *Fagans*, 406 F.3d at 141; *see also United States v. Canova*, 412 F.3d 331, 335 (2d Cir. 2005) ("Because the reasonableness of a sentence, even under the discretionary regime recognized in *Booker*, depends in part on a district court's consideration of the Sentencing Guidelines, . . . a significant error in the calculation or construction of the Guidelines may preclude affirmance."). Recognizing the value of reviewing a contested departure, even post-*Booker*, *see United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005), and mindful that both parties have requested that we do so in this case, *see* Def.-Appellant's Supplemental Letter Br. of May, 24, 2005, at 7-8; Appellee's Supplemental Letter Br. of May 27, 2005, at 9-10, we consider here whether the District Court, in calculating the applicable Guidelines sentence, erred in applying a four-level upward departure for Fuller's bartering of drugs in exchange for firearms.[5]

Following *Booker* , on sentencing appeals, we review a district court's factual determinations for clear error, its legal conclusions *de novo* and its exercises of discretion with respect to departures

---

[5]We note that "disposing of [Fuller's] non-Sixth Amendment claims prior to remand forecloses future challenges to his sentence on these grounds, though it does not foreclose reasonableness review of [Fuller's] sentence on other grounds." *United States v. Weisser*, 417 F.3d 336, 346 (2d Cir. 2005).

for abuse of discretion. *See Selioutsky*, 409 F.3d at 118-19; *see also United States v. Weisser*, 417 F.3d 336, 346 (2d Cir. 2005) ("When reviewing a district court's application of the Guidelines in the post-*Booker* era, we examine questions of law *de novo* and issues of fact for clear error."); *United States v. Garcia*, 413 F.3d 201, 221-22 (2d Cir. 2005) (acknowledging that a clear error standard of review continues to apply to appellate challenges to judicial fact-finding at sentencing after *Booker*). A district court's decision to depart pursuant to U.S.S.G. § 5K2.0 (providing that a court "may depart") is discretionary, *see Selioutsky*, 409 F.3d at 119, and we therefore review the departure at issue here for abuse of discretion.

Because "[a]n error in determining the applicable Guideline range or the availability of departure authority would be the type of procedural error that could render a sentence unreasonable under *Booker*," *Selioutsky*, 409 F.3d at 118, we decline to "forego such review on the theory that the District Court would have imposed [the same] sentence as a non-Guidelines sentence under the post-*Booker* regime, in which event any error in using departure authority to select the sentence that was imposed would be harmless," *id.* at 118 n.7.[6]

A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

Where, as here, a defendant has failed to object to an alleged sentencing impropriety on the

---

[6] We reiterate that upon remand, the District Court may "fairly consider policy statements concerning departures and fairly decide to impose a non-Guidelines sentence without 'definitively resolv[ing]' close questions regarding the 'precise meaning or application of a [departure] policy statement.'" *Canova*, 412 F.3d at 358 n.28 (quoting *Crosby*, 397 F.3d at 112) (bracketed text in *Canova*).

record in the district court, we review for plain error, requiring the defendant to establish "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Dos Reis*, 369 F.3d 143, 148 (2d Cir. 2004) (internal quotation marks and citation omitted) (alterations in original); *see also United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004) (recognizing that failure to preserve an objection under 18 U.S.C. § 3553(c) gives rise to plain error review); *but see United States v. Lewis*, ___ F.3d ___, 2005 WL 2234105, at *3 (2d Cir. Sept. 15, 2005) (conducting plain error review where defendant failed to raise an 18 U.S.C. § 3553(c) objection at sentencing, but commenting that whether plain error review is required in such circumstances is "unclear"). "An error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001)(en banc).

Fuller does not challenge the District Court's finding that he bartered drugs for firearms, nor does he dispute that such a finding represented an appropriate basis for an upward departure pursuant to U.S.S.G. § 5K2.0.[7]  Rather, Fuller contends that the extent of the District Court's departure—which raised the applicable Guidelines range from 78-97 months to 121-151 months—constituted an abuse of discretion because the District Court failed to provide any valid "penological explanation" for its departure calculation.  Def.-Appellant's Br. at 12.  According to Fuller, the District Court based that calculation solely on its intention to "'end up at the same place where [it] ended up before.'"  *Id.* at 11 (quoting Tr. of Sentencing Hr'g, Aug. 5, 2004, at 18-19).

On appeal, the Government asserts that the District Court's four-level upward departure was based upon the Court's analogy between Fuller's conduct and the conduct described in

---

[7] Fuller's concession in this regard is consistent with our conclusion following Fuller's first appeal that "[s]imply because the District Court used the bartering activity for the wrong kind of departure is not a reason to preclude its use on remand for a permissible type of departure." *Fuller*, 332 F.3d at 67.

12

U.S.S.G. § 2K2.1(b)(5),[8] *see* Appellees' Br. at 32—namely, "possess[ion] or transfer[ ][of] any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). Indeed, the Government repeatedly urged the District Court—both in its pre-sentencing submissions and during Fuller's sentencing hearing—to adopt a four-level departure on this basis. *See* Gov't's Resentencing Mem., at 14-15 (asserting that "Section 2K2.1(b)(5) of the Guidelines provides a helpful measure of the seriousness of the combination of gun crimes with other felonies"); Tr. of Sentencing Hr'g, Aug. 5, 2004, at 7 (recommending to the Court that "in determining the magnitude of an upward departure . . . one helpful guide post would be the four-level enhancement which is contained in Section 2K2.1 [of the Sentencing Guidelines]").

After hearing the Government's explanation for its recommended Guidelines sentence—which included a four-level upward departure predicated on an analogy between bartering drugs for firearms and committing felonies in connection with the possession or transfer of firearms—the District Court confirmed that the resulting sentencing range would be 121 to 151 months (which reflected the requested four-level departure), stated"Okay," and then proceeded to ask the Government what sentence would be appropriate under an alternative, "indeterminate sentencing scheme." Tr. of Sentencing Hr'g, Aug. 5, 2004, at 8. Later in the proceeding, the Court imposed the exact Guidelines sentence the Government had recommended, which included what it described as a "four-level upward departure . . . based on the bartering of drugs as payment for

---

[8] U.S.S.G. § 2K2.1(b)(5) provides, in relevant part, that

[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase [the applicable offense level] by **4** levels.

13

firearms." *Id.* at 21. In these circumstances, we conclude that the District Court clearly incorporated the Government's reasoning that a four-level upward departure was appropriate based on an analogy between Fuller's conduct and the conduct described in § 2K2.1(b)(5).

Fuller maintains that the extent of the District Court's four-level upward departure was based solely on its intention "to achieve exactly the same sentence as that which had been vacated on appeal." Def.-Appellant's Br. at 11. In making this claim, Fuller relies principally on the following statement by the Court:

> Obviously, my inclination was to depart upwardly, and the Circuit said I could not do that horizontally on the basis that I chose; that is, I could not depart upwardly on the Criminal History Category, but I could do so vertically on the offense level, and I intend to do so. And I intend to do so by four levels, *so that I end up at the same place where I ended up before.*

Tr. of Sentencing Hr'g, Aug. 5, 2004, at 18-19 (emphasis added). We reject Fuller's argument that this statement demonstrates that the District Court had a predetermined goal of arriving at the same sentence it had imposed prior to Fuller's first appeal. It is commonplace for a district judge to be required to reconsider or explain more fully a sentencing decision on remand, and it is not necessarily inappropriate, much less error, for a judge to impose the same sentence he arrived at prior to appeal. In any event, in the circumstances presented here, we understand the District Court's statement merely as a comment on the sentencing range it had selected and not as an articulation of its rationale. We have no reason to doubt the District Court's assurance that it applied "a four-level upward departure . . . based on the bartering of drugs as payment for firearms." *Id.* at 21.

Inasmuch as the District Court based its upward departure on an analogy to U.S.S.G. § 2K2.1(b)(5)—which prescribes more severe punishment for the sale of firearms in

14

connection with committing another felony—we hold that the District Court's reasoning was "sufficient to justify the magnitude of the departure." *United States v. Campbell*, 967 F.2d 20, 26 (2d Cir. 1992) (internal quotation marks omitted). The practice of relying on analogous provisions of the Sentencing Guidelines when calculating the proper extent of a departure is well established. *See, e.g.*, *United States v. Amirault*, 224 F.3d 9, 12 (1st Cir. 2000) ("A sentencing court is free to make suitable comparisons and draw plausible analogies in considering whether to depart from the guideline sentencing range."); *United States v. Kalady*, 941 F.2d 1090, 1101 (10th Cir. 1991) ("A sentence imposed based upon either extrapolation or analogy from the [G]uidelines will ordinarily meet the requirements of proportionality and uniformity."). The fact that particular conduct fails to warrant a mandatory sentence enhancement does not preclude a court from imposing a discretionary upward departure on the basis of that conduct. *See United States v. Speenburgh*, 990 F.2d 72, 76 (2d Cir. 1993) ("The authority for an adjustment does not inevitably carry the negative implication that facts that fail to qualify for the adjustment are ineligible for a departure.").

The four-level enhancement mandated by the Sentencing Commission for the conduct described in U.S.S.G. § 2K2.1(b)(5) reflects the special danger that arises when guns are linked with other criminal conduct—a danger and virtual truism that we have repeatedly acknowledged by affirming sentence enhancements imposed under § 2K2.1(b)(5). *See, e.g.*, *United States v. Ortega*, 385 F.3d 120, 123 (2d Cir. 2004); *United States v. Martin*, 78 F.3d 808, 812-13 (2d Cir. 1996). Fuller does not challenge the strength of the analogy at issue here; rather, he rests on the argument that the District Court chose a four-level departure solely for the purpose of arriving at the same sentence it had previously imposed.

Because we conclude that Fuller's conduct may be fairly analogized to the conduct

15

described in § 2K2.1(b)(5), and we are mindful of the need for "considerable deference" to district courts' determinations as to the extent of departures, *United States v. Tropiano*, 50 F.3d 157, 162 (2d Cir. 1995), we hold that Fuller has not demonstrated that the District Court erred, much less plainly erred or abused its discretion, in upwardly departing by four levels based on Fuller's bartering of drugs for firearms in connection with the offense for which he was convicted.

**III.    The District Court's Statement of Reasons for its Upward Departure**

Not only was the logic behind the District Court's four-level upward departure apparent from the context, but the District Court also provided an adequate, on-the-record statement explaining its upward departure, as required by 18 U.S.C. § 3553(c).[9]  As a panel of this Circuit recently noted in *United States v. Lewis*, ___ F.3d ___, 2005 WL 2234105 (2d Cir. Sept. 15, 2005), "18 U.S.C. § 3553(c), which *Booker* 'left unimpaired,'" *id.* at *5 (quoting *Crosby*, 397 F.3d at 116), requires "that a district court 'at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence,'" *id.* (quoting 18 U.S.C. § 3553(c)).  Furthermore, § 3553(c)(2) provides that if a sentence is outside the applicable Guidelines range, the sentencing court must state "the specific reason for the imposition of a sentence different from that described."  18 U.S.C. § 3553(c)(2).  A district court's failure to comply "with the general provisions of § 3553(c) . . . , let alone the specific requirements of § 3553(c)(2) regarding [the explanation of reasons for] departures

---

[9]18 U.S.C. § 3553(c) provides, in relevant part, that

[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
. . .
> (2) is not of the kind, or is outside the range [provided in the Guidelines,] the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment except to the extent the court relies upon statements received *in camera*. . .

from recommended sentencing ranges" constitutes "plain error," even when the length of the resulting sentence would otherwise be reasonable. *Id.* at *6. *Lewis* held that such error affects a defendant's "substantial rights" by denying him "the right to argue more effectively . . . whether . . . a sentence is 'reasonable.'" *Id.* at *7.

The District Court relied on a reasonable analogy between Fuller's conduct and the conduct described in U.S.S.G. § 2K2.1(b)(5), and explicitly stated on the record that the departure was "based on the bartering of drugs as payment for firearms." Tr. of Sentencing Hr'g, Aug. 5, 2004, at 21. Accordingly, we hold that the District Court provided an adequate oral statement concerning its specific reasons for imposing the sentence that it did. Although preferably the District Court would have provided more detail concerning the extent of its departure, we do not consider the absence of that detail an independent basis for remand where, as here, the District Court's statement was sufficient to provide Fuller of "a platform upon which to build an argument that [his] sentence is unreasonable." *Lewis*, 2005 WL 2234105, at *9.

Finally, Fuller contends that the District Court erred in failing to provide a written statement of its reasons for applying an upward departure, as required by 18 U.S.C. § 3553(c)(2). Def.-Appellant's Br. at 14. In *United States v. Santiago*, 384 F.3d 31 (2d Cir. 2004), we read 18 U.S.C. §§ 3742(f)(2) and (f)(3)[10] in accordance with their plain language to suggest that so long as "we

---

[10] 18 U.S.C. § 3742(f) provides, in relevant part, that

[i]f the court of appeals determines that—

(1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings . . . ;

(2) the sentence is outside the applicable guideline range and the district court failed to provide the required statement of reasons in the order of judgment and commitment, or the departure is based on an impermissible factor, or is to an unreasonable degree, or the sentence was imposed for an offense for which there is no applicable sentencing guideline and is plainly reasonable, it shall state specific reasons for its conclusions and—

17

ultimately decide that a sentence is neither 'too high' . . . nor 'too low' . . ., we do not have any obligation to remand" in cases where the district court has failed to provide a separate written explanation for its departures. *Id.* at 36-37.[11] For reasons unstated, however, we declined to interpret these statutory provisions definitively.

Our sister circuits that have confronted this issue have unanimously held, as a matter of statutory interpretation, that where a reviewing court determines, based upon the statements of the district court in the record, that an upward departure is otherwise reasonable, the district court's failure to provide a written explanation in the order of judgment is not a separate cause for remand. *See United States v. Cooper*, 394 F.3d 172 (3d Cir. 2005) ("We agree with the other Courts of Appeal[s] that have concluded that failing to provide a written explanation for a departure is not cause for remand if the departure is otherwise permissible and the district court's reasoning is persuasive."); *United States v. Daychild*, 357 F.3d 1082, 1107-08 (9th Cir. 2004) (holding, based on the language of 18 U.S.C. § 3742(f), that remand is not required in these circumstances); *United States v. Orchard*, 332 F.3d 1133, 1141 n.7 (8th Cir. 2003) (same).

We now join our sister circuits in holding that where a reviewing court determines that a departure is neither "too high" nor "too low" within the meaning of 18 U.S.C. § 3742 (f)(2), a

---

(A) if it determines that the sentence is too high . . . it shall set aside the sentence and remand the case . . . ;

(B) if it determines that the sentence is too low . . . it shall set aside the sentence and remand the case . . . ;

(3) the sentence is not described in paragraph (1) or (2), it shall affirm the sentence.

[11] As we noted in *Santiago*, interpreting 18 U.S.C. § 3742(f)(1) to imply that "a district court's failure to provide a written statement of reasons qualifies as a violation of law that automatically requires a remand" would render the statutory language in 18 U.S.C. § 3742(f)(2) "entirely superfluous." *Santiago*, 384 F.3d at 37. Accordingly, we rejected as "disfavored" that reading of § 3742 (f)(1) on the ground that it "violat[es] a basic tenet of statutory interpretation." *Id.* (quoting *DeMaria v. Andersen*, 318 F.3d 170, 177 (2d Cir. 2003)) (alteration in original).

district court's failure to include in the written judgment an explanation for its departure does not provide an independent basis for remand. *See* 18 U.S.C. § 3742(f)(3). Nonetheless, we note that for the purpose of facilitating reasonableness review, the better practice is for the district court to record in its written order of judgment an explanation for all Guidelines departures.

## CONCLUSION

In sum, we hold that:

(1) despite sentencing Fuller "in the alternative"—that is, in part on the assumption that the Sentencing Guidelines were not binding—the District Court erred in not correctly predicting that it would be required to consider all 18 U.S.C. § 3553(a) factors, as later specified by *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005);

(2) Fuller preserved this error by raising an *Apprendi* objection prior to his sentencing;

(3) neither the District Court's mandatory application of the Sentencing Guidelines nor its alternative, purely discretionary, sentencing amounted to harmless error;

(4) inasmuch as the District Court's four-level upward departure was based upon its analogy between Fuller's bartering of drugs in exchange for firearms and the sentencing departure prescribed by Section 2K2.1(b)(5) of the U.S. Sentencing Guidelines, the District Court's departure was neither plain error nor an abuse of discretion;

(5) the District Court adequately stated in open court the specific reason for its upward departure from the Guidelines range, in satisfaction of 18 U.S.C. § 3553(c); and

(6) in light of 18 U.S.C. §§ 3742(f)(2) and (f)(3), the District Court's failure to explain its departure in the written judgment does not provide a separate basis for remand in the circumstances presented.

19

\* \* \*

For the reasons stated above, we **REMAND** the cause to the District Court with instructions to vacate Fuller's sentence and resentence him in conformity with this opinion and our opinion in *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005).