UNITED STATES of America,
Appellee,

v.

James McPHATTER, Defendant–
Appellant.

No. 05–4181–cr.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

**56**

Richard B. Lind, New York, NY., for Appellant.

Monica E. Ryan, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief, Emily Berger, Assistant United States Attorney, of counsel), Brooklyn, NY., for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.*

### SUMMARY ORDER

Petitioner James McPhatter appeals from the July 29, 2005 judgment of conviction, upon his guilty plea, on one count of violating 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Reviewing a claim that a district court judge's plea inquiry was insufficient for harmless error, *U.S. v. Maher*, 108 F.3d 1513, 1521 (2d Cir.1997), this Court finds no merit to McPhatter's argument that the court erred in failing to instruct him on forfeiture and restitution because neither forfeiture nor restitution were at issue in this case. The error, if any, was harmless.

There is additionally no merit to McPhatter's claim that the court had a duty to inquire about his medical history after learning that he was taking pain medication. While McPhatter is correct that a defendant's level of education and drug addiction may "cast doubt" on his ability to understand the elements of the crime charged, this Court considers the record as a whole to determine whether or not the plea was voluntary. *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999). The record shows that Judge Gleeson inquired about the effects, if any, of the medication and the defendant indicated that such medication did not affect his ability to think clearly. The record further demonstrates that the defendant understood that he was pleading guilty as

---

* The Honorable John G. Koeltl, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

well as the consequences of his plea, and both McPhatter and his attorney testified that there was no reason to doubt his competency. Moreover, the defendant's citation to *Rossillo* is unavailing because that case requires that the defendant's guilty plea be vacated and the case remanded only where a district court, upon learning that a defendant is taking medication, fails to inquire on the record about the "defendant's ability to understand the nature and consequences of his decision to plead guilty." *United States v. Rossillo,* 853 F.2d 1062, 1066 (2d Cir.1988).

■ McPhatter also argues that despite the judge's warning that "you have to tell the truth, otherwise, you could be prosecuted for perjury," the judge's failure to state that the government could use *any* statement given under oath against the defendant rendered the instruction erroneous because Rule 11 requires the judge to instruct the defendant of "the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath." Fed.R.Crim.P. 11(b)(1)(A). While Rule 11 imposes strict requirements, it does not mandate the exact wording a judge must use, and the language chosen by the judge here does not materially deviate from that of Rule 11 to the extent that any error was committed affecting McPhatter's substantial rights, especially when the defendant has not been prosecuted for perjury. *Maher,* 108 F.3d at 1520; *cf. United States v. Graves,* 98 F.3d 258, 259 (7th Cir.1996) (stating that where there was no current or prospective prosecution of the defendant for perjury, a failure to give the instruction under Rule 11(c)(5) is harmless).

■ Finally, McPhatter argues that the four-point sentencing enhancement under § 2K2.1(b)(5) of the United States Sen-

tencing Guidelines was incorrectly applied when it was based solely on the defendant's post-arrest admission. We disagree. On sentencing appeals, this court "review[s] a district court's factual determinations for clear error, its legal conclusions de novo and its exercises of discretion with respect to departures for abuse of discretion." *United States v. Fuller,* 426 F.3d 556, 562 (2d Cir.2005). The four-point enhancement is appropriate when it is clear from the circumstances, by a preponderance of the evidence, that the defendant intended to use a gun in connection with a felony. *United States v. Ortega,* 385 F.3d 120, 123 (2d Cir.2004) (stating that "connection with" requires only more than coincidental presence of a firearm to the conduct). In this case, the defendant's own statement to an officer, to which the officer testified under oath, that McPhatter planned to use the gun to kill another person, clearly satisfies the government's burden, and the court was free to consider the defendant's admission. *See United States v. Lee,* 818 F.2d 1052, 1055 (2d Cir.1987) (stating that "a district court judge's discretion when imposing sentence is largely unlimited either as to the kind of information he may consider, or the source from which it may come," and hearsay statements may be used by the sentencing court in determining sentence) (internal quotation marks omitted). Therefore, there was sufficient evidence of a connection, through McPhatter's admission, to justify the four-point enhancement.

Accordingly, the district court's judgment of conviction and sentence is AFFIRMED.