**UNITED STATES of America,
Appellee,**

v.

**Ronaldo Fernando REGALDO–
MILLARES, Defendant–
Appellant.**

**No. 05–5853–cr.**

United States Court of Appeals,
Second Circuit.

March 30, 2007.

Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Jessica A. Roth, Assistant United States Attorney (Richard D. Owens, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, J. CLIFFORD WALLACE,* Circuit Judges.

Defendant Ronaldo Fernando Regaldo–Millares ("Millares") appeals from a judgment of conviction entered on September 22, 2005, in the United States District Court for the Southern District of New York (Daniels, *J.*) following a four-day jury trial. Millares was charged with and convicted of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § § 846, 841(b)(1)(A), and one count of possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Judge Daniels sentenced Millares to a term of 168 months imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

"Following *Booker*, on sentencing appeals, we review a district court's factual determinations for clear error, its legal

---

* The Honorable J. Clifford Wallace, United States Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

conclusions *de novo* and its exercises of discretion with respect to departures for abuse of discretion." *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005). Millares raises two challenges on appeal. First, he contends that the district court erred in denying him a minor role adjustment. We "are mindful that [a] sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and scope of the criminal enterprise." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks omitted) (alteration in original). A defendant is not eligible for a reduction "simply because [he] played a lesser role than his coconspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' ... as compared to the average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999) (per curiam). To the extent that Millares points to his limited role and lack of a proprietary interest in the underlying transaction, we have explained that neither a defendant's "courier status" nor "limited finances" entitle him automatically to a mitigating role adjustment. *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993). Moreover, the evidence in the record supports the district court's finding that Millares was more than a mere courier and its conclusion that he was not substantially less culpable than the average participant in a cocaine conspiracy.

Second, Millares argues that his sentence is unreasonable. The reasonableness inquiry is a "deferential standard of review" that focuses "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005). Millares contends that in light of the fact that he played a limited role in the underlying transaction, the court should have taken into account the "nature and circumstances of the offense" and imposed a below the range "non-Guidelines" sentence. *See* 18 U.S.C. § 3553(a)(1). The record reveals that Judge Daniels properly considered the factors enumerated in Section 3553(a) and in fact accounted for Millares's limited role in the offense when he imposed a sentence at the low end of the Guidelines range. Moreover, because Millares and his co-defendant were not similarly situated, there is no unwarranted disparity between their sentences. *See United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir.2006) (concluding that "varying degrees of culpability and cooperation between the various defendants" in a case is a reasonable basis for imposing different sentences).

For the foregoing reasons, we AFFIRM the judgment of the District Court.