**UNITED STATES of America,**
Appellee,

v.

**Mark BALINT, Defendant–Appellant.**

No. 06–1929–cr.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

Brendan White, White & White, New York, NY, for Appellant.

Terrance P. Flynn, United States Attorney for the Western District of New York, Stephan J. Baczynski, Assistant United States Attorney, Buffalo, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Mark Balint appeals from a sentence, including a 37–month term of imprisonment, following his plea of guilty to mail fraud in violation of 18 U.S.C. § 1341. Balint's conviction stemmed from his involvement in an investment fraud scheme pursuant to which he defrauded a number of his friends and acquaintances. We assume the familiarity of the parties and counsel with the facts of this case, the prior proceedings in the district court and here, and the issues now raised on appeal.

We were informed by his counsel shortly before we were to hear this appeal that the defendant has been released from custody, and that his whereabouts are currently unknown. This raises questions about the kind of relief, if any, to which the defendant might be entitled were he correct on the merits of the appeal. He is not.

At the original sentencing, the district court imposed a three-level upward departure under Application Note 11(c) to section 2F1.1 of the 2000 edition of the United States Sentencing Guidelines. In *United States v. Balint*, 133 Fed.Appx. 802 (2d Cir.2005) (*"Balint I"*), we remanded to the district court pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), directing that the court clarify its statement of reasons for a three-level upward departure when it considered "whether it would have imposed the same sentence had the ... sentencing standards [from *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),] already been in effect at the time of the sentence and, accordingly, whether the sentence given should be seen as plain error." *Balint I*, 133 Fed. Appx. at 805.

We review a district court's sentencing decision for both substantive and procedural reasonableness. *United States v. Rattoballi*, 452 F.3d 127, 131–32 (2d Cir. 2006). We review the district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error. *Id.* at 132. We review the extent of a departure under the Guidelines for abuse of discretion. *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005).

On this appeal, Balint contends (1) that "the district court ... did not apply the correct standard in deciding to upwardly depart," arguing that "the facts and the law make it clear that the facts here did not amount to a circumstance of a kind, or

to a degree, not adequately taken into consideration ... in formulating the guidelines" (Balint brief on appeal at 15 (internal quotation marks omitted)); and (2) that "the extent of th[e] departure[ ] was unreasonable" (*id.* at 9). We reject his contentions.

■ To the extent that Balint contends that the district court's decision to depart at all was unreasonable, we conclude that that contention is foreclosed by the law-of-the-case doctrine. *See generally Doe v. New York City Department of Social Services*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *United States v. Fernandez*, 506 F.2d 1200, 1203–04 (2d Cir. 1974). Although we have the power to reconsider a prior ruling by our Court if "there has been an intervening change of controlling law, new evidence has become available, or there is a need to correct a clear error or prevent manifest injustice," *United States v. Minicone*, 26 F.3d 297, 300 (2d Cir.) (internal quotation marks omitted), *cert. denied*, 513 U.S. 940, 115 S.Ct. 344, 130 L.Ed.2d 300 (1994), we find no such circumstances here. *Balint I*, which remanded only for explanation of the extent of the departure, *see* 133 Fed. Appx. at 804–05, held that the district court's relevant factual findings were "neither clearly erroneous nor unreasonable"; "[n]or was the decision to depart upwards unreasonable in light of these factual findings," *id.* at 804. We see no reason to revisit those rulings.

■ As to the extent of the departure, Balint appears to contend that it was both procedurally and substantively unreasonable (*see, e.g.,* Balint brief on appeal at 9 ("the district court['s] ... reasons [stated on remand] ... do not justify the magni-

tude of the departure"); *id.* ("the extent of th[e] departure [ ] was unreasonable")). On remand from *Balint I,* the district court recounted multiple examples of the serious psychological harm that Balint's victims, most of whom were his life-long friends, had experienced as a result of the fraud. The court considered not only the size of the monetary losses suffered by Balint's victims but also the disastrous consequences of some of those losses. The court explained that the extent of its upward departure was based on the foreseeable "financial, psychological, and emotional trauma" that Balint caused his victims. The district court considered the reasonableness of a one- or a two-level departure, but found the sentences in those ranges "inadequate to address the nature and circumstances of the offense and the seriousness of the defendant's conduct."

In light of the district court's justification for the departure and its consideration of whether a lesser sentence would be adequate, we see no error or abuse of discretion in the district court's finding that Balint's conduct merited a three-level upward departure, and subsequently a 37–month sentence.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.