**UNITED STATES of America,**
**Appellee,**

v.

**Jose PALMA, Defendant–Appellant.**

**No. 05–4845–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 29, 2007.

Robin C. Smith, Brooklyn, NY, for Defendant–Appellant.

Scott L. Marrah, (Katherine Polk Failla, of counsel), Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.*

* The Honorable Thomas J. Meskill, who was a member of this panel, died prior to oral argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. See 2d Cir. Interim R. 0.14(b).

## SUMMARY ORDER

Defendant–Appellant Jose Palma appeals from a final judgment of the United States District Court for the Southern District of New York sentencing Palma to a term of imprisonment of 70 months for his conviction following a guilty plea on one count of conspiracy to distribute or possess with the intent to distribute cocaine. Palma argues that the district court erred by failing to award him a reduction under United States Sentencing Guidelines § 3B1.2(b) for being a "minor participant" in the conspiracy. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

"Following *Booker*, on sentencing appeals, we review a district court's factual determinations for clear error, its legal conclusions *de novo*, and its exercises of discretion with respect to departures for abuse of discretion." *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005). This Court has noted that "a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks omitted); *see also* U.S.S.G. § 3B1.2 cmt. n. 3(c) (noting that determination of a defendant's role "is heavily dependent upon the facts of the particular case. As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted."). Moreover, the burden of proof is on the defendant to establish by a preponderance of the evidence that he qualifies for a minor-role reduction. *United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000). We review a district court's factual findings with respect to denial of a minor-role reduction for clear error. *Id.*

Mr. Palma contends that, despite the fact that he was admittedly aware of the nature and scope of the conspiracy, he should receive the benefit of a minor-role reduction because he acted only as the delivery person and was the least culpable member of the narcotics conspiracy. But this Court has repeatedly upheld that a defendant is not automatically entitled to a minor-role reduction simply because he acted only as the delivery person or courier of the drugs. *See, e.g., United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993); *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990). Moreover, a defendant is not entitled to a minor-role reduction by virtue of the fact that he is the least culpable participant in a particular crime; rather, "the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999). In this case, the district court made clear that it considered the defendant, in admittedly delivering ten kilograms of cocaine to a co-conspirator, "equally culpable" as the average participant in the average narcotics crime, and that defendant played an "integral role" in the crime's success. Given the great deference we give to a sentencing court's factual determinations with respect to whether a defendant is entitled to a minor-role reduction, the district court's findings do not constitute reversible error.

Palma further contends that the district court committed reversible error at sentencing by noting that the defendant had been a beneficiary of safety-valve relief from what would otherwise be a ten year mandatory minimum sentence for his

crime. Contrary to the defendant's assertions, however, the record does not support an inference that the district court based its denial of the minor-role reduction on the fact that Palma had already benefited from the safety valve. Indeed, the district court made specific factual findings as to why the evidence did not warrant a minor-role reduction in this case.

For the foregoing reasons, the sentence of the district court is **AFFIRMED**.