**UNITED STATES of America,**
Appellee,

v.

**Sonny I. SZETO, Defendant–Appellant.**

**No. 07–1161–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 26, 2008.

Donna Newman (Roger L. Stavis, of counsel, Gallet Dreyer & Berkey, LLP), New York, NY, for Defendant–Appellant.

Paul Murphy, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, on the brief, James K. Filan, Jr., William J. Nardini, Assistant United States Attorneys, of counsel), Office of the United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, and JANE R. ROTH,* Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Sonny Szeto appeals from a sentence imposed by the District Court following his guilty plea to using an interstate facility to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 6, 2007, the District Court sentenced Szeto to a term of 168 months' imprisonment and a lifetime of supervised release. On appeal, Szeto claims that (1) the District Court committed error when it determined that his sentence should be enhanced two levels for exercising undue influence over the eleven-year-old victim; and (2) that the District Court's imposition of a 168–month sentence was unreasonable. We assume the parties' familiarity with the facts and procedural history, though we revisit key portions of that history here.

Szeto argued that because the victim initiated some of the Instant Message chats and telephone calls, and because she had sent him pictures of herself using a WebCam, the victim's behavior was volun-

* The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

tary, and accordingly his influence over her did not "compromise[ ] the voluntariness of [the victim]'s behavior." Sentencing Guideline § 2G1.3 cmt. n. 3. At the sentencing hearing, Judge Hall noted that the Sentencing Guidelines have created a rebuttable presumption of undue influence in situations in which the participant is at least ten years older than the minor,[1] which applied in the instant case. The District Court then found, after articulating its thorough analysis of the record, that Szeto had not defeated the presumption of undue influence. After fully considering the factors under 18 U.S.C. § 3553(a), the District Court sentenced Szeto to 168 months' imprisonment—the bottom of the range provided by the Sentencing Guidelines—followed by a lifetime term of supervised release.

An application of a provision of the Sentencing Guideline that hinges on a District Court's factual determinations will be reviewed for clear error. *See United States v. Fuller,* 426 F.3d 556, 562 (2d Cir.2005). Upon a review of the record, we find no error—much less clear error—in the District Court's determination that Szeto exercised undue influence over his eleven-year-old victim. Accordingly, we reject defendant's claim.

As to the claim that Szeto's sentence was unreasonable, we note that reasonableness review is meant to be the same review we undertake for abuse of discretion. *See Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Again, upon a review of the record, we find no error—much less an abuse of discretion—in the District Court's sentence of 168 months' imprisonment.

Upon a review of the record and the arguments of counsel, we reject defen-

dant's remaining arguments as lacking in merit.

## CONCLUSION

We reject all of defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

---

[1]. Section 2G1.3, Application Note 3 reads, in part: "In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption, for purposes of subsection (b)(2)(B), that such participant unduly influenced the minor to engage in prohibited sexual conduct."