SUMMARY ORDER
Defendant-Appellant Michael J. Von-dette was convicted after a jury trial in the United States District Court for the Eastern District of New York (Platt, J.) of conspiring to distribute hashish, marijuana, and methaqualone and conspiring to launder money. He was sentenced to 480 months of incarceration, five years of supervised release, a $25,000 fine, a $200 special assessment, and forfeiture in excess of $2 million.
*503 This Court affirmed on appeal Defendant-Appellant’s conviction and sentence, 83 Fed.Appx. 394 (2d Cir.2003) (unpublished summary order), and the forfeiture order, 352 F.3d 772 (2d Cir.2003), but the United States Supreme Court remanded for reconsideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Vondette v. United States, 543 U.S. 1108, 125 S.Ct. 1010, 160 L.Ed.2d 1035 (2005). The district court declined to resentence Defendant-Appellant upon remand from this Court pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir.2005). United States v. Vondette, No. 97-CR-1010 (TCP), 2007 WL 1120432 (E.D.N.Y. Apr.13, 2007). Defendant-Appellant now appeals this latest order. We assume the parties’ familiarity with the facts and procedural history of the case.
When considering an appeal from a denial to resentence after a Crosby remand, we “review for reasonableness both the procedure whereby the District Court decided not to resentence and the substance of the undisturbed sentence.” United States v. Williams, 475 F.3d 468, 471 (2d Cir.2007). However, “the law of the case doctrine forecloses reconsideration of issues that were decided — or that could have been decided — during prior proceedings.” Id.
We are not convinced that the sentence imposed was unreasonable. The record reflects that the district court considered the sentencing factors set forth in 18 U.S.C. § 3553(a) during the original sentencing proceeding, and the district court explicitly stated on remand that it “would not give Vondette a non-trivially different sentence under the post-Booker regime.” See Williams, 475 F.3d at 475; Crosby, 397 F.3d at 118. Defendant-Appellant was not entitled to full resentencing on remand because he did not preserve his objection to the mandatory nature of the Sentencing Guidelines. See United States v. Fagans, 406 F.3d 138, 140 (2d Cir.2005); United States v. Fuller, 426 F.3d 556, 561 (2d Cir.2005). His remaining arguments are foreclosed by the law of the case.
Accordingly, the order of the district court declining to resentence Defendant-Appellant and denying Defendant-Appellant’s motions to vacate the judgment of conviction, dismiss the indictment, and vacate the judgment of forfeiture is hereby AFFIRMED.