17-3689
United States v. Hicks-Bailey

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand eighteen.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            v.                                          17-3689

DAMIEN C. HICKS-BAILEY,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:    E. Carey Cantwell, Buffalo, N.Y.

Appearing for Appellee:     Mary Baumgarten, Assistant United States Attorney, *for* James P.
                            Kennedy, United States Attorney for the Western District of New
                            York, Buffalo, N.Y.


Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant Damien C. Hicks-Bailey appeals from a November 6, 2017 judgment entered by the District Court for the Western District of New York (Arcara, *J.*), sentencing him principally to a term of 96 months' imprisonment for possession with intent to distribute and distribution of heroin. The judgment was imposed after Hicks-Bailey pled guilty. The district court determined, after a *Fatico* hearing, that an upward departure was warranted because Hicks-Bailey's distribution of heroin resulted in the overdose death of its recipient. This appeal was timely filed on November 8, 2017. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's sentencing decision for both substantive and procedural reasonableness. *United States v. Rattoballi*, 452 F.3d 127, 131-32 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error. *Id*. at 132. We review the extent of a departure under the Guidelines for abuse of discretion. *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir. 2005).

## I. Application of U.S.S.G. § 5K2.1

Hicks-Bailey first asserts that the district court erred in concluding that his offense conduct resulted in the death of Eric Harkins such that Section 5K2.1 applies. Section 5K2.1 affords a court discretion to "increase the sentence above the authorized guideline range" if it finds that death resulted from the criminal conduct. To assess the applicability of Section 5K2.1, "the court should use the preponderance of the evidence standard to determine whether death resulted." *United States v. Cordoba-Murgas*, 233 F.3d 704, 710 (2d Cir. 2000). The district court did not err in finding, by a preponderance of the evidence, that Hicks-Bailey's distribution of heroin to Harkins resulted in Harkins's death.

In reaching its conclusion, the district court correctly noted and applied the preponderance of the evidence standard. The credible evidence to this effect included the proximity in time between Hicks-Bailey's delivery of heroin to Harkins, Harkins's text messages regarding the superior potency of the heroin, and Harkins's estimated time of death. Additionally, Hicks-Bailey's DNA was present on an empty corner portion of a plastic bag near the body. The medical examiner testified that, although Harkins had ingested drugs other than heroin, the heroin alone was sufficient to cause death. Accordingly, we affirm the district court's finding, by a preponderance of the evidence, that Hicks-Bailey's distribution of heroin resulted in Harkins's death, such that Section 5K2.1 applies.

## II. Consideration of U.S.S.G. § 2D1.1(a)(2)

Hicks-Bailey next argues that the district court misapplied U.S.S.G. § 2D1.1(a)(2) in determining the extent of its departure under Section 5K2.1. In particular, he asserts that district court "overreached" by applying U.S.S.G. § 2D1.1(a)(2) and that "because there is no evidence he engaged in premeditated murder," the district court should have used a base offense level of 18, which is associated with involuntary manslaughter involving reckless conduct under U.S.S.G. § 2A1.4(a)(2)(A). This argument fails.

In departing upward pursuant to Section 5K2.1, "[t]he extent of the increase should depend on the dangerousness of the defendant's conduct, *the extent to which death or serious injury was* intended or *knowingly risked*, and the extent to which the offense level for the offense of conviction, as determined by the other Chapter Two guidelines, already reflects the risk of personal injury." U.S.S.G. § 5K2.1 (emphasis added). At sentencing, the district court noted that "Congress' assessment of the appropriate punishment when a person has been convicted [under Section 841(b)(1)(C)] of the offense of distributing a controlled substance that caused death is certainly entitled to substantial weight," but it declined to accept the government's proposed method of using an offense level of 38 pursuant to Section 2D1.1(a)(2) as a starting point.

Instead, the court used the original offense level of 10 as a starting point, and then it considered "the extent necessary to depart upwardly from that starting point to reach an appropriate offense level and a range of imprisonment." In so doing, it considered "the 2D1.1 guidelines, the harm that resulted from the defendant's offense, the degree of recklessness of the defendant's conduct when he consciously disregarded the risk of death or serious injury[,] . . . and the strength of the showing made by the United States" in order to conclude that offense level 31 was an appropriate base offense level on the facts. (App. 337.) Having determined a substantial increase was appropriate because Hicks-Bailey "knowingly risked" death or serious injury by distributing an unknown controlled substance, *see* Section 5K2.1 ("The extent of the increase should depend on . . . the extent to which death or serious injury was . . . knowingly risked"), the court acted within its discretion in increasing Hicks-Bailey's offense level to level 31 before applying a six-level reduction for acceptance of responsibility and minimal participation in the criminal activity.

We have considered the remainder of Hicks-Bailey's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk