**UNITED STATES of America,
Appellee,**

v.

**Ennio Nemesio ESTEBAN–GOMEZ,
Defendant–Appellant.**

**No. 07–1789–cr.**

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Allen L. Bode, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Steven M. Statsinger, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Defendant-appellant Ennio Nemesio Esteban–Gomez appeals from an amended judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), entered on May 29, 2007, re-sentencing him principally to a term of 101 months in prison and three years of supervised release for his conviction of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Esteban–Gomez argues that his above-Guidelines sentence was procedurally and substantively unreasonable. *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). Procedurally, Esteban–Gomez asserts that the district court based its sentencing decision on a clearly erroneous factual finding that his participation in an alcohol rehabilitation program in prison was "not stellar." Albeit "improving," the various evaluations presented to the district court describe his participation and motivation as "average," "slightly above average," and "good." It was not clearly erroneous for the district court to conclude that this description of his participation was not "stellar." Esteban–Gomez next contends that in imposing its sentence the district court refused to consider the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). This argument distorts and mischaracterizes the district court's comments, which show that the district court did consider this

sentencing factor, but was not persuaded to give it the weight argued by the defendant. In addition, Esteban–Gomez argues that the district court ignored a pertinent policy statement in the Guidelines, U.S.S.G. § 4A1.3, regarding upward departures based on criminal history. Although the district court did not explicitly mention this policy statement, we may presume, absent indication to the contrary, that the court considered all relevant aspects of the Guidelines as one of the § 3553(a) factors, *see United States v. Pereira,* 465 F.3d 515, 523 (2d Cir.2006), and meticulous adherence to the precise wording of a policy statement was not required for this non-Guidelines sentence. Finally, we reject Esteban–Gomez's argument that the district court failed to give a sufficient oral statement of reasons at sentencing. While the oral statement of reasons may have been less clear than the written statement, each of the reasons listed in the written statement was discussed during the sentencing hearing, and the defendant was given sufficient notice of the judge's thinking such that he had an opportunity to effectively address the relevant issues. *See, e.g., United States v. Fuller,* 426 F.3d 556, 565 (2d Cir.2005) (explaining that the open-court requirement provides a defendant with the right to argue more effectively whether a sentence is reasonable).

Substantively, Esteban–Gomez argues that the district court unreasonably departed above the advisory Guidelines range, placing undue weight on his criminal history, ignoring his "compelling personal circumstances," and failing to offer a "sufficiently compelling" explanation for its significant variance from the advisory range. In the sentencing proceedings and in the written statement of reasons, the district court made clear that its variance was warranted because of Esteban–Gomez's prior convictions not reflected in the Guidelines criminal history calculation, his

repeated disregard of the deportation laws, the high risk to the public from his many drunk-driving convictions, his failure to pay taxes, his use of false identification, the need for adequate deterrence, and the high risk of recidivism. Giving due respect to the district court's reasoned judgment, *see Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the district court's sentence was unreasonable for a defendant who had illegally entered this country four times.

For the foregoing reasons, the judgment of the district court is AFFIRMED.