UNITED STATES, Appellee,

v.

Ranier GEROW, Defendant–Appellant.

No. 08–2208–cr.

United States Court of Appeals,
Second Circuit.

Oct. 20, 2009.

Stephan J. Baczynski, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney, on the brief), Western District of New York, Buffalo, NY, for Appellee.

Ira Feinberg (Andrew J. Sein, of counsel), Hogan & Hartson, LLP, New York, NY, for Defendant–Appellant.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, and EDWARD R. KORMAN, Judge.*

### SUMMARY ORDER

Defendant Ranier Gerow ("Gerow" or "defendant") appeals from a judgment of the District Court sentencing him principally to 240 months' incarceration following his guilty plea to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). On appeal defendant argues the following: (1) the District Court improperly applied enhancements for relevant conduct, (2) his sentence was based on mistaken assumptions of fact, (3) the District Court gave excessive deference to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), (4) the District Court erred in failing separately to justify the imposition of a life term of supervised release, (5) the District Court imposed an unconstitutional special condition restricting defendant's contact with his children, and (6) defendant's sentencing counsel was ineffective for failing, *inter alia*, to argue that the Guidelines for child pornography are entitled to less deference based on *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). We assume the parties' familiarity with the factual and procedural history of the case.

### I. The District Court's Purported Errors

Defendant argues that the District Court erred procedurally in determining his sentence. Procedural error occurs where the District Court makes a mistake in calculating the Guidelines range, treats the Guidelines as mandatory, fails to consider the factors listed in 18 U.S.C. § 3553(a), rests its sentence on clearly erroneous findings of fact, or fails adequately to explain its chosen sentence. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir.2008) (en banc). "Where, as here, a defendant has failed to object to an alleged sentencing impropriety on the record in the district court, we review for plain error, requiring the defendant to establish (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Fuller*, 426 F.3d 556, 563 (2d Cir.2005) (internal quotation marks omitted). "An error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir.2001) (en banc).

■ Defendant first argues that the District Court erred in imposing two enhancements for "relevant conduct." Relying on *United States v. Fowler*, 216 F.3d 459 (5th Cir.2000), he contends that the District Court improperly applied a four-level enhancement for the possession of sadistic or masochistic images. Whether or not the enhancement was error, it certainly was not plain error because it did not, standing alone, prejudice the defendant. *See Thomas*, 274 F.3d at 668 ("An error affects a defendant's substantial rights if it is prejudicial and it affected the

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

outcome of the district court proceedings." (internal quotation marks omitted)). Even without the four-level enhancement, defendant's Guidelines range would have been 292–365 months—*i.e.*, well above the maximum statutory sentence of 20 years that he received.

■ Nor did the District Court err in imposing a five-level enhancement for defendant's possession of over 600 images depicting child pornography. It is undisputed that on several occasions defendant sent images to individuals he believed to be minors in an effort to entice them to engage in sexual acts with him. Accordingly, there was sufficient evidence from which the District Court could conclude that defendant's *possession* of child pornography was part of a common scheme or plan, or part of the same course of conduct, as his distribution of the same. *See* U.S.S.G. § 1B1.3(a)(2) (including within the definition of "Relevant Conduct" all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction").

Defendant next argues that the District Court based its sentence on erroneous findings of fact. We disagree. The District Court's suggestion that defendant's failure to take his medication might be relevant to the risk of recidivism is supported by the report of Dr. Charles Patrick Ewing, which directly linked defendant's criminal conduct to his mental illness and indicated that medication would help control that illness. The District Court's finding that defendant is a "pedophile" appears to have been based primarily on a misunderstanding of the medical meaning of that word rather than a misapprehension of the facts of the case. Moreover, nothing in the record suggests that this finding played any role in the District Court's determination of an appropriate sentence.

Defendant's third argument is that the District Court gave excessive deference to the Guidelines and did not fully appreciate its discretion to impose a variant sentence. Defendant relies on Judge Skretny's statements that defendant's personal history and characteristics did not demonstrate anything "extraordinary" or take this case "outside the heartland." At other times during the sentencing hearing Judge Skretny noted that "I must consider the discretionary factors and make an individualized assessment based on the facts presented in deciding whether to deviate from the guideline range" and that "I am prepared to exercise the discretion that I have under the law to consider all of the submissions as well as whatever appropriate discretionary factors there are before I make a final decision on sentencing." J.A. 158–59. Viewed in their totality, Judge Skretny's statements indicate that he fully understood his discretion under the Guidelines and did not give them undue deference.

Defendant next argues that the District Court erred in imposing a life term of supervised release inasmuch as it did not independently consider the sentencing factors as they relate to this portion of the sentence and did not independently justify this portion of the sentence. Although 18 U.S.C. § 3553(a) requires the District Court to consider a number of factors in arriving at a sentence, and 18 U.S.C. § 3553(c) requires the District Court to state the reasons for the imposition of a particular sentence, nothing in this Section or any other statute requires the court separately to justify *each component* of a sentence. Accordingly, there was no error in the District Court's decision to impose a life term of supervised release.

Finally, defendant argues that the District Court imposed an unconstitutional special condition of release by restricting

his ability to have contact with his own children. The government responds that the District Court intended only to restrict defendant's ability to pick his children up from school or other locations frequented by minors. We agree with the government's interpretation of the condition and note that, in any event, as defendant's counsel conceded at argument, our affirmance of the District Court's sentence effectively renders the special condition moot because defendant will not be released from custody while his children are minors.

Accordingly, we find no error in the District Court's determination of defendant's sentence.

## II. Ineffective Assistance of Counsel

In addition to arguing that the District Court erred in determining his sentence, defendant also maintains that his sentencing counsel was ineffective for failing to make a number of objections and arguments. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), defendant "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness ... and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith,* 549 F.3d 583, 588 (2d Cir.2008) (internal quotation marks omitted).

Aside from failing to object to the District Court's purported errors discussed above, defendant argues primarily that his sentencing counsel was ineffective for failing to make an argument, based on *Kimbrough,* 128 S.Ct. 558, that the child pornography Guidelines are entitled to less deference because they are a product of political interference. Although defendant points to a number of recent cases in which courts have extended the logic of *Kimbrough* to the child pornography

guidelines, only two of those cases had been decided at the time of his sentencing. *See United States v. Grossman,* 513 F.3d 592, 597–98 (6th Cir.2008); *United States v. Baird,* 580 F.Supp.2d 889, 894 (D.Neb. 2008). Moreover, in one of those cases, the Court emphasized that "[t]he extent to which a district court may offer a wholesale disagreement with a guideline as the basis for a variance *remains unclear* after *Kimbrough.*" *Grossman,* 513 F.3d at 597 (emphasis added).

■ Defendant's sentencing counsel was not objectively unreasonable in failing to anticipate the extension of *Kimbrough* or in failing to cite non-binding precedent from other jurisdictions. *See Sellan v. Kuhlman,* 261 F.3d 303, 315 (2d Cir.2001) ("An attorney is not required to forecast changes or advances in the law." (internal quotation marks omitted)). Based on the state of the law at the time of Gerow's sentencing, it would have been reasonable for counsel to conclude that his energy was better spent arguing that Gerow's specific circumstances justified a below-Guidelines sentence.

Defendant also argues that his sentencing counsel was ineffective in failing to correct Judge Skretny's misstatement that there were no objections to the Presentence Report. Defendant had, in fact, made two objections, one of which concerned the reasons for his decision to stop taking his medication. The District Court cited defendant's failure to take his medication as a factor that might increase the likelihood of recidivism and, as discussed above, that conclusion finds support in Dr. Ewing's report. We have no reason to believe that the *reason* for defendant's failure to take his medication would have altered the District Court's conclusion. Accordingly, defendant has not shown that counsel's failure to raise this objection at

sentencing—whether reasonable or not—resulted in prejudice.

Accordingly, we conclude that defendant has not shown that his sentencing counsel rendered ineffective assistance.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.