21-2993
*United States v. Redzepagic*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-three.

PRESENT:

> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 21-2993

ELVIS REDZEPAGIC,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| **For Defendant-Appellant:** | MICHELLE A. BARTH, Law Office of Michelle Anderson Barth, Burlington, VT. |
| **For Appellee:** | ARTIE MCCONNELL (Amy Busa, Saritha Komatireddy, Andrew D. Reich, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Elvis Redzepagic appeals from a judgment of conviction following his guilty plea to one count of attempt to provide material support to foreign terrorist organizations, in violation of 18 U.S.C. §§ 2339B(a)(1), (d) and 2. The district court sentenced Redzepagic to 200 months' imprisonment, to be followed by five years' supervised release. On appeal, Redzepagic contends that his sentence was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We first consider Redzepagic's procedural challenges.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  While we generally review the procedural reasonableness of a sentence under a "deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 41), we apply the plain-error standard here because Redzepagic did not raise any of the alleged procedural errors below, *see United States v. Villafuerte*, 502 F.3d 204, 208–09 (2d Cir. 2007).   To prevail under plain-error review, Redzepagic must demonstrate that (1) there is an "error or defect" (2) that is "clear or obvious," (3) that affected his "substantial rights," meaning that it impacted the outcome of the district court proceeding, and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings."   *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and alterations omitted).

Redzepagic begins by arguing that the district court erroneously calculated his offense level under the Sentencing Guidelines.   Specifically, he contends that the court should have reduced his total offense level by three levels under section 2X1.1(b)(1) because he was convicted of an attempt crime that was not covered by a specific offense Guideline.   But even if the district court erred by not

3

subtracting three offense levels pursuant to section 2X1.1(b)(1), it was of no consequence.

At Redzepagic's sentencing hearing, the district court determined that Redzepagic's total offense level was 37 and that he had a criminal history category of VI, yielding a Guidelines range of 360 months to life imprisonment. But because the statutory maximum sentence for Redzepagic's crime is 20 years' imprisonment, *see* 18 U.S.C. § 2339B(a)(1), his Guidelines sentence became 240 months' imprisonment, *see* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). From that starting point, the district court decided "to grant a partial downward variance" and sentenced Redzepagic to 200 months. App'x at 98.53.

While Redzepagic maintains that his total offense level should have been 34 rather than 37, the three-level discrepancy would have made no difference. In either case, the low end of the applicable Guidelines range exceeded the statutory maximum, yielding a Guidelines sentence of 240 months. In other words, Redzepagic's Guidelines sentence – the district court's "starting point" in making its sentencing decision – would have remained the same. *United States v. Dorvee*,

4

616 F.3d 174, 182 (2d Cir. 2010) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). Accordingly, Redzepagic was not prejudiced by any error in the district court's calculation of his offense level. *See United States v. Lutchman*, 910 F.3d 33, 39 (2d Cir. 2018) ("We will not disturb a sentencing determination on the basis of a Guidelines calculation error that had no impact on the sentence imposed."); *United States v. Gerow*, 349 F. App'x 625, 626–27 (2d Cir. 2009) (finding no prejudice where the defendant's Guidelines range would have been "well above the maximum statutory sentence" even without the challenged sentencing enhancements).

Redzepagic next argues that the district court's failure to expressly reference one of the sentencing factors set forth in section 3553(a) – specifically, the need to consider "sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6) – compels the inference that it overlooked that factor in imposing its sentence. We disagree. Our precedent does not require district courts to specifically address every section 3553(a) factor. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each [section] 3553(a) factor

5

individually"). Therefore, even though the district court may have specifically "mentioned [only] a few" of the section 3553(a) factors, its assertion that it had "considered all of them" is plainly sufficient. App'x at 98.51; *see United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012) (rejecting a procedural challenge to a sentence because the district court's statement that it had considered the "factors that are outlined in 18 U.S.C. § 3553(a)" was unmistakably "clear" (internal quotation marks and alterations omitted)).

Redzepagic's substantive challenge to the length of his Guidelines sentence fares no better. *See United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (reviewing substantive reasonableness challenge for abuse of discretion). To be substantively unreasonable, a sentence must be so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that it would "damage the administration of justice." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Far from being shockingly high, Redzepagic's sentence is well below the statutory maximum sentence of 240 months' imprisonment. *See United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) ("Although we do not presume that a Guidelines sentence is reasonable, we have recognized that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of

6

sentences that would be reasonable in the particular circumstances." (internal quotation marks omitted)). Given the seriousness of the present offense and the need to deter others from committing similar crimes, we have no trouble concluding that the district court did not impose a substantively unreasonable sentence.

We have considered Redzepagic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court